UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00058-01/02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| VACARRA ROGERS AND KEVIN HONEYCUTT | MAG. JUDGE KAREN L. HAYES |

**RULING ON INTRODUCTION OF RULE 404(b) EVIDENCE**

On March 26, 2015, a federal grand jury returned an Indictment against Defendant Vacarra Rogers ("Rogers") and Co-Defendants Kevin Honeycutt ("Honeycutt"), Ruby McMillan ("McMillan"), and Kendra Turner ("Turner"). Rogers is charged only in Count 1 with conspiracy to distribute and to possess with intent to distribute methamphetamine for the time period between October 8 and 11, 2014. The Co-Defendants were charged individually with possession with intent to distribute methamphetamine, and Honeycutt was additionally charged with possession of a firearm by a convicted felon. Turner and McMillan have pled guilty to the conspiracy charge, but trial is set to proceed on December 1, 2015, against Rogers and Honeycutt.

On November 2, 2015, the Government filed a Notice to Present Evidence against Rogers under Federal Rule of Evidence 404(b). [Doc. No. 97]. On November 6, 2015, Rogers filed a memorandum in opposition to the Government's Notice. [Doc. No. 103]. Honeycutt, with leave of Court [Doc. No. 107], adopted Rogers' memorandum.

The Government seeks to introduce evidence of Rogers' August 4, 2014[1] alleged drug

---

[1] The Government's memorandum states that the events took place on August 4, **2015**. However, the Court believes that this is a typographical error because an arrest warrant was

trafficking activities. On that date, the Monroe Metro Narcotics Unit ("MNU") was investigating Rogers for the trafficking of methamphetamine in the Monroe area. The MNU conducted a controlled undercover drug transaction in the 1600 block of Alabama Street. According to the Government, Rogers was in the passenger seat of a car driven by Turner when he accepted $800 in payment for one ounce of methamphetamine. Another individual was also a passenger in the car.

Shortly after the transaction, MNU stopped the car at the corner of Jackson and Texas Streets. MNU searched Rogers and found $1,800 in cash in his pocket, including the $800 payment. MNU also searched Turner's purse and found $2,940.00 in cash. All three individuals were arrested, and Rogers was charged with distribution of methamphetamine. The distribution charge remains pending against him at this time.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) applies to limit the admissibility of evidence of extrinsic acts. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

Rogers is charged in Count 1 with violations of 21 U.S.C. §§ 841(a)(1) and 846 which require the Government to prove that he conspired with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the Government must prove that Rogers conspired with others to knowingly distribute or to possess with the intent to distribute methamphetamine.

---

executed on Rogers on April 29, 2015, and he has been in custody, at least on the federal charges against him, since that time. [Doc. No. 42].

In *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (*en banc*), the Fifth Circuit laid out the two-step test for admission of extrinsic evidence of prior offenses or other misconduct under rule 404(b). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

The Government wants to introduce evidence of prior methamphetamine distribution by Rogers, in which his Co-Defendant Turner was also involved, contending that the evidence is relevant to show knowledge, intent, and lack of mistake and that the relevance is not substantially outweighed by its prejudicial effect. Rogers, joined by Honeycutt, argues that the Government's attempt to introduce this evidence when he has not been convicted of the state charge will result in a trial within a trial and could lead the jury to convict him of conduct for which he is not charged in this Court.

Under the broad relevance standard, this extrinsic evidence of methamphetamine trafficking is clearly relevant to Rogers' charges of conspiracy to distribute and to possess with intent to distribute methamphetamine for conduct occurring less than one year later. Specifically, the evidence is relevant to Rogers' knowledge, intent, and lack of mistake in this case. *See United States v. Gutierrez*, 114 Fed. App'x 637, 638 (5th Cir. 2004) (trial court did not abuse its discretion by admitting evidence of a prior marijuana-trafficking conviction and uncharged drug-trafficking[2] under Rule 404(b) to show defendant's "intent, knowledge, preparation, motive,

---

[2] In this case, the conduct has actually been charged, but Rogers has not been tried on the charges.

and plan to transport marijuana."); *United States v. Guerra*, 230 Fed. App'x 461, 462-63 (5th Cir. 2010) (district court did not abuse "its discretion when it admitted evidence of [defendant's] prior uncharged conduct" where the extrinsic evidence was "strikingly similar to her offense conduct and occurred only four months before her arrest"; thus, the evidence was "relevant to Guerra's intent and to her knowledge that there was cocaine hidden in her car."); *see also United States v. Ortega*, No. 14–20310, 2015 WL 6124266, at *1 (5th Cir. Oct. 19, 2015) ("evidence of drug-trafficking is typically probative of a defendant's knowledge and intent to commit a charged drug offense.") (citations omitted). Additionally, the evidence provides a connection between Rogers and Turner.

Nevertheless, even if the evidence is relevant, the second step of the *Beecham* test requires the Court to consider whether the probative value of the evidence is substantially outweighed by its prejudicial effect. The Court finds that the Government has also met its burden on this step. The evidence is not cumulative nor so inflammatory as to provoke an unreasoned decision by the jury. Finally, the jury will be instructed on the limited purposes for which it may consider the Rule 404(b) evidence.

Accordingly, for the foregoing reasons, the Court will allow the Government to introduce the Rule 404(b) evidence.

MONROE, LOUISIANA, this 19th day of November, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE