# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-0058 |
| VS. | JUDGE TERRY A. DOUGHTY |
| VACARRA ROGERS | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, [doc # 242], filed by Defendant Vacarra Rogers on November 28, 2018, under 28 U.S.C. § 2255. The United States opposes the Motion. [doc. # 251]. For reasons stated below, the motion is denied.

## Background

On approximately March 26, 2015, a federal grand jury charged Defendant with conspiring to distribute, and to possess with the intent to distribute, methamphetamine. [doc. # 1, p. 1]. Trial commenced on December 1, 2015. [doc. # 133]. On December 3, 2015, a jury found Defendant guilty. [doc. # 145, p. 1].

On January 28, 2016, a United States Probation Officer issued a "Presentence Investigation Report" ("PSR"), in which the officer determined, after applying the Federal Sentencing Guidelines, that Defendant "directed the criminal activity of [his co-defendant, Turner] in a conspiracy that involved less than five people[,]" that Defendant therefore qualified as "an organizer, leader, manager, or supervisor[,]" and that, consequently, Defendant's offense level should be increased from Level 28 to Level 30 under U.S.S.G. 3B1.1(c). [doc. # 167, pp. 6-7]. Defense counsel did not object to any findings in the PSR. [doc. #s 167, p. 15; 189, p. 4]. Defense counsel did, however, file a sentencing memorandum, urging the Court to depart from the guidelines—as well as the recommendation in the PSR—and to impose a mandatory

minimum sentence of 120 months. [doc. # 161]. Counsel also asked the Court, in the alternative, to impose the "lowest guideline imprisonment range of 135 months." *Id.*

At sentencing, the Court adopted "the presentence investigation report without change." [doc. # 170, p. 1]. Then, counsel moved for a downward departure, which the Court denied. [doc. #s 169, p. 1; 170]. The District Judge sentenced Defendant to 151 months of imprisonment and five years of supervised release. [doc. # 169].

Defendant, proceeding pro se, appealed his conviction. On September 22, 2017, the United States Court of Appeals for the Fifth Circuit affirmed the conviction. [doc. # 213].[1]

In the instant motion, Defendant claims that his trial counsel rendered ineffective assistance by failing to challenge the result that the probation officer and the District Judge reached after applying the sentencing guidelines to the facts. [doc. # 242, p. 4]. More specifically, he claims that counsel should have objected or challenged the probation officer's and the District Judge's conclusion that he qualified for a sentence enhancement as a leader, organizer, or supervisor. *Id.* He also claims that counsel should have argued that he qualified for an offense level decrease as a "minor" participant under U.S.S.G. 3B1.2. [doc. # 242-1]. Defendant adds that, had counsel objected, "there is a reasonable probability that this Court would have sustained the objections and imposed a lesser sentence . . . ." *Id.* at 3.

In response, the United States argues:

> The evidence presented at trial established [that Defendant] was the cornerstone of an interstate drug conspiracy. [Defendant] therefore cannot prove that his trial counsel was deficient for failing to object to the "aggravating role" enhancement or for failing to move for a "minor role" reduction. Even assuming he could establish deficient performance, [Defendant] cannot prove that "the result of the proceeding

---

[1] *U.S. v. Rogers*, 708 F. App'x 178 (5th Cir. 2017).

would have been different."

[doc. # 251, p. 1-2].

## Law and Analysis

Review under Section 2255 is limited to four grounds: whether (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**I. Ineffective Assistance of Counsel**

A Section 2255 motion is an acceptable vehicle through which to raise initial claims of ineffective assistance of trial or appellate counsel. *Massaro v. U.S.*, 538 U.S. 500, 503-04 (2003). To prevail on an ineffective assistance of counsel claim, a defendant must show that her counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See *Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). "Judicial scrutiny of counsel's performance must

be highly deferential[,]" and courts must make every effort "to eliminate the distorting effects of hindsight . . . ." *Strickland*, 466 U.S. at 689.

"*Strickland* does not guarantee perfect representation, only a 'reasonably competent attorney.'" *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (quoting *Strickland*, 466 U.S. at 687) (other citations and quotation marks omitted). "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Id.* "Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Id.* "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Id.* at 111.

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *U.S. v. Saenz–Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that she would have received less jail time, *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

4

**A. Aggravating Role Under U.S.S.G. 3B1.1**

Defendant contends:

Counsel was constitutionally deficient for failing to object to the unwarranted two-level 'aggravating role' enhancement under U.S.S.G. § 3B1.1(c), recommended in [the] PSR. The PSR recommended the enhancement based on its assessment that [Defendant] 'directed the criminal activity of Turner in a conspiracy that involved less than 5 people.' Counsel's failure to timely propound an objection to this enhancement–on the ground that [Defendant] did not exercise control over Turner or any other participant in the offense–was professionally unreasonable . . . .

[doc. # 242-1, p. 7 (internal footnote and citation omitted)].

Under U.S.S.G. § 3B1.1(c), a defendant's offense level should be increased "by 2 levels" if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . . ." Application Note 4 to U.S.S.G. § 3B1.1 provides: "Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.*"*

In *U.S. v. Vasquez-Sanchez*, 169 F. App'x 875, 876 (5th Cir. 2006), for example, the Fifth Circuit found that a district court did not err in concluding that a defendant qualified as a manager or supervisor because the evidence showed that the defendant was a partner in a drug-trafficking organization, he "was responsible for transporting loads of narcotics[,]" he negotiated and arranged the delivery of narcotics, and he acted "as an intermediary in arranging

5

and escorting the transportation" of marijuana. *Id.* Because the district court did not err in concluding that the defendant qualified as a manager or supervisor, counsel did not render ineffective assistance in foregoing a challenge to the district court's finding. *Id.*

In *U.S. v. Sejuelas*, 113 F. App'x 595, 596 (5th Cir. 2004), the Fifth Circuit concluded that a district court did not clearly err when it found that a defendant acted as a manager or supervisor in the offense and that, consequently, the defendant's role warranted an aggravating role enhancement. The court highlighted that the PSR "demonstrated that [the defendant] exercised decision-making power, participated extensively in the crime, recruited at least one person for the conspiracy[,] and exercised control and authority over others who participated in the drug conspiracy." *Id.* As the defendant "did not present evidence to rebut the PSR[,]" the "district court was free to rely on the information in the PSR . . . ." *Id.*

Here, the probation officer concluded in the PSR that Defendant was a "leader, organizer, or supervisor[,]" because Defendant "directed the criminal activity of Turner." [See doc. # 167, pp. 6-7]. The probation officer obtained his facts from information in the indictment, information from "the case agent, and discussions with the Government." *Id.* at 5. The officer noted that he considered all the sources reliable. *Id.*

"When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *U.S. v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *U.S. v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)). "Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'" *Id.* (quoting *U.S. v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)). "A district court, therefore, 'may adopt the facts contained in a [PSR]

without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.'" *Id.* (quoting *U.S. v. Trujillo*, 502 F.3d 353, 357 (5th Cir.2007)). "When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are 'materially untrue, inaccurate or unreliable.'" *Id.* (quoting *U.S. v. Huerta*, 182 F.3d 361, 364-65 (5th Cir. 1999) ("Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation.")). "Mere objections to such supported facts are generally insufficient." *Id.*

Here, Defendant essentially challenges the probation officer's conclusions (which the District Court adopted) that he was a "leader, organizer, or supervisor[,]" and that he "directed the criminal activity of Turner,"[2] but he neither presents rebuttal evidence nor challenges the reliability, truthfulness, or accuracy of any of the underlying findings of fact that the probation officer used to reach these conclusions. He does not, in other words, identify any evidence or argument that counsel could or should have utilized.

Rather, Defendant essentially claims that counsel should have objected to the Court's *application* of the sentencing guidelines to the facts, but he fails to offer anything other than his own unsupported opinion that the District Judge erred.[3]

---

[2] [See doc. # 167, pp. 6-7].

[3] To the extent Defendant challenges the Court's application of the sentencing guidelines, such a challenge is not cognizable on collateral review. See *U.S. v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *U.S. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994)); see also *U.S. v.*

At best, Defendant appears to argue that counsel should have highlighted certain facts in the PSR, namely, that he was incarcerated throughout the conspiracy and acted only via telephone.[4] [doc. # 242-1, p. 11]. That he acted while incarcerated and via telephone, however, does not negate the conclusion, reached by the probation officer and adopted by the Court, that he acted as a leader, organizer, or supervisor.

The PSR provides that Defendant "*instructed* Turner to drive to Texas to pick up illegal drugs[,]" that Defendant's uncle supplied the drugs, and that Defendant was "responsible for the quantity of drugs he instructed Turner to transport[.]" [doc. # 167, p. 5 (emphasis added)]. At trial, Sergeant Paul Knight testified that Defendant "would *have*" Turner make three-way calls to other co-conspirators. [doc. # 184, p. 90 (emphasis supplied); see also doc. # 148-1, p. 1]. Sergeant Knight testified further that he determined, from the three-way calls, that Defendant "was *directing*" Turner to acquire methamphetamine from his uncle. *Id.* at 184 (emphasis supplied).

Turner, moreover, testified that Defendant asked her to acquire the methamphetamine in Dallas. *Id.* at 29. She also testified that Defendant told her to get money from Honeycutt. *Id.* at 32. Further, other evidence reveals that Defendant attempted to recruit others to aid in trafficking the methamphetamine.[5] [doc. # 148, p. 1-2].

---

*Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

[4] [doc. # 167, pp. 5-6].

[5] Addressing Defendant's claim of insufficient evidence, the Fifth Circuit Court of Appeals summarized certain facts, supported by evidence presented at trial, as follows: "Rogers agreed with others to participate in a conspiracy to distribute and to possess methamphetamine

These facts reasonably and reliably demonstrate that Defendant qualified as a leader, organizer, or supervisor.[6] He exercised decision-making authority, participated in the offense, recruited accomplices, extensively participated in planning the offense, and exercised a significant degree of control and authority over others. Thus, counsel's decision to forego an objection to the aggravating-role increase did not fall below an objective standard of reasonableness. See *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").

Of emphasis, while counsel did not challenge the factual findings or the conclusions in the PSR, counsel did urge the Court, in a sentencing memorandum, to depart from the guidelines and sentence Defendant to "the minimum sentence of 120 months . . . ."[7] [doc. # 161, p. 1]. In the alternative, counsel urged the Court to sentence Defendant "at the lowest guideline imprisonment range of 135 months." *Id.* In support, counsel stressed Defendant's entrepreneurial spirit, job skills, work history, family history, and social background. *Id.* at 1-2. Counsel also stressed that Defendant's conduct was "born of a phone call to friends, family, and

---

with the intent to distribute it. Based on the three-way phone calls showing that Rogers *directed* the movement of money and methamphetamine between Monroe, Louisiana, and his uncle's house in Texas, as well as the evidence showing a concert of action between Rogers, his girlfriend Kendra Turner, Honeycutt, and others, a reasonable jury could have determined beyond a reasonable doubt that Rogers at least tacitly agreed with others to participate in a drug trafficking conspiracy." *Rogers*, 708 F. App'x at 181 (emphasis added).

[6] See, e.g. *Kerr v. U.S.*, 2006 WL 2792201, at *3 (W.D. Tex. Sept. 26, 2006) (finding, where the defendant directed his wife to purchase and deliver cocaine to the jail in which he was confined, where defendant planned to sell the cocaine to the other inmates, and where "there were five people involved in the charged drug conspiracy[,]" that counsel did not perform deficiently when counsel failed to object to the aggravating-role sentencing enhancement).

[7] See 21 U.S.C. § 841(b)(1)(A)(viii) (providing the minimum term of imprisonment).

[a] need to help the ones he loved." *Id.* at 3. In addition, at the sentencing hearing, counsel re-urged his motion for a downward departure. [doc. # 169, p. 1].

Counsel's efforts to minimize Defendant's sentence were within the wide range of reasonable competence, fell under the ambit of trial strategy, and were certainly not objectively unreasonable. See *Harrington*, 562 U.S. at 110 ("Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."); *Strickland*, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.").

Finally, for many of the same reasons that counsel did not perform deficiently, there is no reasonable probability that, had counsel argued that Defendant did not act in an aggravating role, the District Judge would have agreed and reduced Defendant's sentence. Most revealing, the PSR, as well as the evidence presented at trial, disclosed that Defendant acted while incarcerated and via telephone. Thus, the District Judge was likely cognizant of the very circumstances that Defendant claims his counsel failed to underscore.[8]

**B. Mitigating Role Under U.S.S.G. § 3B1.2**

Defendant contends: "Counsel was similarly deficient for failing to object to the PSR's failure to properly recommend that [Defendant] receive a two-level decrease for his 'minor' role

---

[8] While an argument from counsel could have "alert[ed] the district court to questions regarding the reliability of the evidentiary basis for the facts contained in the PSR," the Court reiterates that Defendant does not challenge the reliability of the evidentiary basis. See *Harris*, 702 F.3d at n. 3.

10

in the offense under U.S.S.G. § 3B1.2–based on the reality that [Defendant] was in custody for the life of the conspiracy, stood to gain nothing from the offense, and was 'substantially less culpable' than the average participant." *Id.* at 7-8. Defendant adds that "[t]here was no discussion of compensation to [him] and he could have neither received a share of the drugs, nor distributed the same from his jail cell." *Id.* at 12.

Under U.S.S.G. § 3B1.2(b), a defendant's offense level should be decreased if "the defendant was a minor participant in any criminal activity . . . ." Under Application Note 3(A) to U.S.S.G. § 3B1.2: "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity. A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline." Application Note 3(C) provides in part:

> [T]he court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, Application Note 3(C). Finally, U.S.S.G. § 3B1.2, Application Note 5 provides that a "minor participant" is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."

Here, as with his argument that he did not qualify for an aggravating role adjustment, Defendant neither presents rebuttal evidence nor challenges the reliability, truthfulness, or accuracy of any of the facts underlying the Court's sentencing decision. Rather, Defendant argues only that, to prove that he qualified as a minor participant, counsel should have underscored that he was in custody during the conspiracy and that he "stood to gain nothing from the offense" because "[t]here was no discussion of compensation to [him] and he could have neither received a share of the drugs, nor distributed the same from his jail cell."

That Defendant acted while incarcerated does not render his participation minor. The facts, as chronicled above, reveal that Defendant thoroughly understood the scope and structure of the criminal activity, extensively participated in planning and organizing the criminal activity, and exercised considerable decision-making authority and influence. Moreover, it is manifest that Defendant stood to benefit from the criminal activity: the conspiracy involved a plan to sell methamphetamine for a sizable sum and, even assuming Defendant only participated to provide funds to his friends, family, and loved ones, he stood to benefit vicariously.

Overall, Defendant was not "substantially less culpable than the average participant." The facts, as recounted in the PSR, reasonably and reliably demonstrate that Defendant did not qualify as a minor participant. Thus, counsel did not perform deficiently in choosing to forego the argument that Defendant acted as a minor participant.[9]

For many of the same reasons that counsel did not perform deficiently, counsel's actions did not prejudice Defendant. Had counsel argued that Defendant qualified as a minor participant, there is no reasonable probability that the District Judge would have agreed. In fact, the District Judge was likely cognizant of the circumstances that Defendant claims his counsel failed to highlight: (1) the evidence presented at trial, as well as the facts in the PSR, disclosed that Defendant acted while incarcerated and (2) the benefits that Defendant stood to gain from his actions were obvious.

## Conclusion

For the foregoing reasons, Defendant Vacarra Rogers' Motion to Vacate, Set Aside, or Correct Sentence, [doc. # 242], is **DENIED AND DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 11th day of January, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[9] The court reiterates that counsel did urge the Court to downwardly depart from the guidelines, did urge the Court to sentence Defendant to the minimum guideline range sentence, and did, subsequently, move for a downward departure at sentencing.