UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 3:15-00058-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **VACARRA ROGERS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a motion for compassionate release [Doc. No. 287] filed by Defendant Vacarra Rogers ("Rogers"). Rogers also filed a supplemental memorandum in support of his motion. [Doc. No. 289]. The Government filed a response. [Doc. No. 290].

Rogers is currently serving a 151-month term of incarceration at FCI McDowell in Welch, West Virginia. He moves the Court to release him to home confinement or a halfway house immediately because he has conditions that make him more vulnerable to the COVID-19 virus. Rogers offers the assurance that he will return to prison once the COVID-19 threat has passed.

In support of his motion, Rogers points out that he has hypertension and a condition that he characterizes as a "failure" of his hemoglobin, which has previously required him to have blood transfusions, the last time in 2015. [Doc. No. 287]. He also has a family history of a number of conditions which make him more susceptible to COVID-19. Rogers encloses a list of detention centers where he was previously held because he was unable to obtain medical records, but notes that FCI McDowell can verify his medical records.

In his supplemental memorandum, Rogers explains how he believes that he was treated unfairly in his conviction and sentencing, but reiterates that he is more susceptible to the COVID-

1

19 virus because of his pre-conditions. He states that he believes he will die of this virus regardless of his release, but that he would like to see his family before he passes.

Given the issues raised and the known threat from the Covid-19 pandemic, the Court ordered the United States to file a response no later than April 27, 2020. [Doc. No. 288]. The United States complied with that directive and filed its opposition [Doc. No. 290] on Friday, April 24, 2020.

The United States argues that Rogers is not entitled to the relief requested at this point because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), and, therefore, the Court does not have jurisdiction to consider his motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). In this case, Rogers moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, §

2

3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* This mandatory statutory exhaustion requirement provides no exceptions.

In this case, however, Rogers does not indicate that he has even made a request to the Warden. He does not assert that any request (if made) was denied.

While the Court is well aware of the effects the Covid-19 pandemic and the particular concerns in the BOP, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Rogers' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Rogers requests. *See, generally, Ross v. Blake,* 136 S. Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different

footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.").[1]

The Court shares Rogers' concerns about the effect of the Covid-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The Court notes, first, that, as of the date of this Memorandum Order, there have been no reported cases from FCI McDowell.[2] https://www.bop.gov/coronavirus/ (last visited 04/27/2020). The facility is currently on lockdown.

Nevertheless, the BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020). The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or

---

[1] Even if the bar is not jurisdictional, the exhaustion requirement is a mandatory claims-processing rule that must be enforced if, as here, it is invoked by the United States. *See Eberhart v. United States*, 546 U.S. 12, 18-19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 4 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule that "assure[s] relief to a party properly raising [it]"); *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016) ("Although not jurisdictional, the time limits in Rule 4(b)(1)(A) [for filing a notice of direct appeal in a criminal case] are mandatory claims-processing rules.").

[2] McDowell County, where FCI McDowell is located, has 6 reported cases of COVID-19. https://dhhr.wv.gov/News/2020/Pages/COVID-19-Daily-Update-4-27-2020---10-AM.aspx (last visited 04/27/2020).

furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 1,576 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/ (last visited 04/27/2020).

For the foregoing reasons,

IT IS ORDERED that Rogers' motion is DENIED at this time, subject to re-urging if Rogers exhausts his administrative remedies as set forth in the statute.

MONROE, LOUISIANA, this 27th day of April, 2020.

                                              TERRY A. DOUGHTY
                                     UNITED STATES DISTRICT JUDGE