UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 3:15-00058-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **VACARRA ROGERS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is the second motion for compassionate release [Doc. No. 294] filed by Defendant Vacarra Rogers ("Rogers") following this Court's initial dismissal of Defendant's motion on April 27, 2020, for lack of jurisdiction because Defendant did not exhaust his administrative remedies. [Doc. No. 291]. The Government filed a response in opposition on June 1, 2020. [Doc. No. 296].

Rogers is currently serving a 151-month term of incarceration at FCI McDowell in Welch, West Virginia. He moves the Court to modify or reduce his sentence because he has health conditions that make him more vulnerable to the COVID-19 virus and claims that these conditions present extraordinary and compelling circumstances that warrant a reduction.[1]

In support of his motion, Rogers reiterates that he has pre-existing conditions which make him more susceptible to COVID-19. These conditions include an unspecified hemoglobin disorder, hypertension, and acid reflux [Doc. No. 292]. He also has a family history of several

---

[1] The Court's initial order addressed defendant's request for home confinement, but it is clear that Defendant wishes to have his sentence reduced due to COVID-19 and not have the court relocate his confinement. He cites 18 U.S.C 3582(c)(1)(A), including the statute's wording, which grants courts the ability to reduce sentencing under "extraordinary and compelling circumstances." [Doc. No. 292, 294].

1

conditions which would make him more susceptible to COVID-19 if he had these conditions. In his initial motion, Rogers enclosed a list of detention centers where he was previously held because he was unable to obtain medical records, but notes that FCI McDowell can verify his medical records.

Given the issues raised and the known threat from the COVID-19 pandemic, the Court ordered the United States to file a response to Rogers' initial request no later than April 27, 2020. [Doc. No. 288]. The United States complied with that directive and filed its opposition [Doc. No. 290] on Friday, April 24, 2020. The United States argued that Rogers was not entitled to the relief requested at that point because he had not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), and, therefore, the Court did not have jurisdiction to consider his motion. The Court agreed and ruled that Rogers had not exhausted his administrative remedies. [Doc. No. 291].

In response to Rogers' second motion, the Government concedes that Rogers has now exhausted his administrative remedies following the warden's denial of his request dated May 18, 2020 [Doc. No. 296]. However, the Government argues that Rogers' motion fails on the merits. *Id*. For the following reasons, the Court agrees.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). In this case, Rogers moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A).

Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a

term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; . . .

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

      (C) Family Circumstances.—
          (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
          (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

    Defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

    The Court finds that Defendant has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582 (c)(1)(A) to modify his prison sentence. The statute requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." However, Rogers does not meet any of the criteria set forth in the policy statement. First, he is not terminally ill or suffering from a serious physical or medical condition. His complaints of a hemoglobin disorder, hypertension, and acid reflux do not meet the extraordinary and compelling standard as set by the policy statement. *See United States v. Roberts*, Crim. Action No. 15-00135-01, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) ("[Inmate's] proffered reason of hypertension fails to meet the

5

standard for compassionate release based upon medical condition of the defendant."); *see also United States v. Chia Jean Lee,* No. 4:17-CR-9, 2020 WL 3051055, at *2,4 (E.D. Tex. June 5, 2020) (holding that a prisoner seeking compassionate release and suffering from fibromyalgia, gastroesophageal reflux disease, migraines, psoriasis, rosacea, severe vitamin D deficiency, osteoporosis, sciatic pain, neuropathy, frequent upper respiratory infections, hearing loss, cataract, severe hemorrhoids, and a lump in the neck failed to show "necessary circumstances to warrant relief). Moreover, Defendant does not allege or provide evidence that he is suffering from a serious functional or cognitive impairment; is experiencing deteriorating physical or mental health because of the aging process;[2] or is experiencing dire family circumstances.

The Court has considered the effects of COVID-19 in denying release. The CDC lists pulmonary hypertension and hemoglobin disorders such as sickle-cell anemia and thalassemia as disorders which increase a person's risk of developing serious complications from the COVID-19 virus.[3] The Government concedes that, if the Defendant has these specific conditions, it would bring him within the realm of extraordinary and compelling reasons under U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(III). [Doc. No. 296]. However, Rogers only claims to have general hypertension and an unspecified hemoglobin disorder, and he does not provide the Court with additional details or any medical records to support his claims.

Furthermore, despite one staff member becoming infected with the virus, there are currently no active cases of COVID-19 at FCI McDowell. http://www.bop.gov/coronavirus (last visited 06/17/2020). *See also* [Doc. No. 294-1]. Courts have held that mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently

---

[2] Defendant is thirty-nine years old.
[3] *See* Centers for Disease Control, Groups at Higher Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F3d 594, 597 (3d Cir. 2020). *See, e.g., United States v. Clark*, Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La. April 1, 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence…."); *United States v. Mazur,* Crim. Action No. 18-68. 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020) (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Under these circumstances, the Court finds that Defendant has not met his burden, whether his medical conditions are considered alone, or in light of the COVID-19 pandemic.

The Court further finds that, even if Rogers' medical conditions satisfy "extraordinary and compelling conditions," he remains a danger to the safety of others and his community, which the court must consider under U.S.S.G. § 1B1.13(2). The Court finds that Rogers has not demonstrated that he will not be a threat to others or the community if released. First, in the instant case, Rogers was sentenced for conspiracy to distribute and possess with intent to distribute methamphetamine, a crime he committed while being detained in the Ouachita Correctional Center on State drug charges. [Doc. No. 167, Pre-Sentence Investigation Report, Paragraph 12]. Second, Rogers has a prior violent conviction of aggravated battery by stabbing, and additional convictions such as being a felon in possession of a firearm and burglary. [Doc. No. 167, Paragraphs 37-40]. *See Mazur*, WL 2113613, at *4 (noting that even if Defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery

7

demonstrates that he is a danger to others and the community). Third, even while serving his current sentence, Rogers continues to violate BOP policies and has incurred a number of infractions which includes having drugs in his possession. [Doc. No. 296-2]. In light of the above, the Court concludes that Rogers remains a danger to others and his community.

The Court shares Rogers' concerns about the effect of the COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020). The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 3,889 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/ (last visited 06/09/2020).

For the foregoing reasons,

IT IS ORDERED that Rogers' motion is DENIED.

MONROE, LOUISIANA, this 22 day of June, 2020.

                              TERRY A. DOUGHTY
                         UNITED STATES DISTRICT JUDGE