UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 3:15-CR-00058-001** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **VACARRA ROGERS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Vacarra Rogers' ("Rogers") Motion to Alter or Amend Judgment [Doc. No. 307].

On or about April 16, 2020, Rogers filed a motion for compassionate release [Doc. No. 287].[1] Rogers also filed a supplemental memorandum in support of his motion. [Doc. No. 289]. The Government filed a response. [Doc. No. 290].

On April 27, 2020, the Court denied Rogers' motion for failure to exhaust his administrative remedies. [Doc. No. 291].

On or about May 13, 2020, Rogers filed an Amended Motion for Compassionate Release [Doc. No. 292]. He supported that motion with two supplemental memoranda [Doc. Nos. 294 & 295]. On June 1, 2020, the Government filed a memorandum in opposition to the Amended Motion [Doc. No. 296].

On June 22, 2020, the Court filed a Memorandum Order [Doc. No.299] denying Rogers' Amended (or Second) Motion for Compassionate Release. However, on the same day, the

---

[1] Rogers' Motion for Compassionate Release was received by the Clerk's Office on April 16, 2020. Although it would have been deemed "filed" on the date that he placed it in the prison mailing system, Rogers did not date his motion or certificate of service, and the postmark is unclear.

Clerk of Court docketed an amended filing by Rogers, which contained copies of his medical records. [Doc. No. 298]. Therefore, the Court vacated its order [Doc. No. 300] to fully consider the evidence submitted.

On June 29, 2020, after having reviewed the medical records, the Court again ruled on Rogers' Amended or Second Motion for Compassionate Release. The Court denied the motion. [Doc. No. 301].

Subsequently, the Court received two Letter/Motions [Doc Nos. 302 & 303] from Rogers. The Court construed the letters/motions as requests that the Court reconsider its Memorandum Order [Doc. No. 301] denying his motion for compassionate release. After review, the Court denied both letters/motions. [Doc. No. 305].

Since that order, Rogers submitted a letter "clarifying" certain information [Doc. No. 306] and the instant motion [Doc. No. 307]. Part of the clarification he presents is related to his medical condition of hypertension. Additionally, in this latest motion, Rogers argues that the Court misconstrued his previous motions and requests. He explains that he is not seeking a sentence reduction, but that he be allowed to serve out the remainder of his sentence on home confinement.

First, to the extent that either the clarification letter or the instant motion can be construed as a motion to alter or amend judgment based on the same arguments previously presented, the Court finds no reason to set aside its previous order. Therefore, to this extent

IT IS ORDERED that the letters/motions [Doc. Nos. 306 & 307] are DENIED.

Second, to the extent that Rogers contends that the Court misconstrued his previous filings, that his motion is NOT a motion for compassionate release, and that he seeks an order requiring the Bureau of Prisons ("BOP") to allow him to serve his sentence in home confinement, the

2

letters/motions are also DENIED. Decisions regarding prisoner designations, including release to home confinement, are reserved exclusively to BOP, as they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) (providing that "[t]he [BOP] shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court). Courts have no authority to dictate prisoner placements, and the BOP's prisoner designations are not subject to judicial review. *Id.* ("The [BOP] may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . . A designation of a place of imprisonment under this subsection is not reviewable by any court"). *See generally Siebert v. Chandler*, 586 F. App'x 188, 189 (5th Cir. 2014) ("Moreover, a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment.") (citing *Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983) and 18 U.S.C. § 3621(b)). In light of these statutory provisions, various courts have recognized a district court has no jurisdiction to order home confinement, even under the CARES Act. *See United States v. Read-Forbes*, Crim. No. 12-20099, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Engleson,* No. 13-cr-340, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (same, though noting the district court can make a non-binding recommendation); *United States v. Hembry*, No. 12-cr-119, 2020 WL 1821930, *2 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, No. 1:18-cr-00086, 2020 WL

1808288, at *2 (S.D. Ind. Apr. 9, 2020); *United States v. Garza*, No. 18-cr-1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).

    Monroe, Louisiana, this 20th day of July, 2020.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**