UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 3:15-00058-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **VACARRA ROGERS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Compassionate Release [Doc. No. 322] filed by Defendant Vacarra Rogers ("Rogers"). The United States of America (the "Government") filed a response [Doc. No. 324], and Rogers filed a Reply [Doc. No. 325].

Rogers was found guilty of conspiracy to distribute 50 grams or more of methamphetamine on December 3, 2015.[1] Rogers was sentenced to 151 months imprisonment on March 4, 2016.[2] Rogers appealed and on November 21, 2017, the United States Court of Appeals for the Fifth Circuit affirmed Rogers' conviction and sentence.[3]

Since his conviction and sentence were affirmed, Rogers has filed numerous motions. A Motion to Vacate[4] was denied on January 11, 2019.[5] A Motion for Compassionate Release[6] and an Amended Motion for Compassionate Release[7] were denied on June 29, 2020.[8] On August 1,

---

[1] [Doc. No. 139]
[2] [Doc. No. 171]
[3] [Doc. No. 213]
[4] [Doc. No. 242]
[5] [Doc. No. 259]
[6] [Doc. No. 287]
[7] [Doc. No. 292]
[8] [Doc. No. 301]

1

2022, Rogers filed a Successive Motion for Compassionate Release[9] which was denied on September 20, 2022.[10]

The instant Successive Motion for Compassionate Release[11] was filed on June 16, 2023. The Government maintains that Rogers failed to exhaust his administrative remedies. This Court agrees. Although Rogers exhausted his administrative remedies on prior motions, he has not provided any evidence he exhausted his administrative remedies for the instant Motion for Compassionate Release. A defendant bears the burden of proving exhaustion of administrative remedies pursuant to 18 U.S.C. § 3582(C)(1)(B). *United States v. Suite*, 2021 WL 84132 at 1 (D. N.J. Jan 11, 2021).

The exhaustion of administrative remedies requirement is a "paradigmatic mandatory claim-processing rule" that must be enforced if raised by the Government. *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020).

Since the Government has properly raised this defense and Rogers has failed to show he exhausted his administrative remedies,

**IT IS ORDERED** that the Motion for Compassionate Release [Doc. No. 322] filed by Rogers is **DENIED and DISMISSED WITHOUT PREJUDICE**.

MONROE, LOUISIANA, this 11th day of August 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[9] [Doc. No. 315]
[10] [Doc. No. 320]
[11] [Doc. No. 322]