**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**UNITED STATES OF AMERICA**          **CASE NO.  3:15-CR-00058**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**VACARRA ROGERS (01)**               **MAG. JUDGE KAYLA D. MCCLUSKY**

**RULING**

Pending before the Court is Defendant Vacarra Rogers' ("Rogers") *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 338]. Rogers' motion is based on the following claims: that neither the drug nor purity level was sufficient to trigger a mandatory minimum sentence; his criminal history category was improperly calculated; he has completed all rehabilitative programs available to him; and he received ineffective assistance of counsel. For the following reasons, the Court **DENIES** this Motion.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On August 2, 2014, Metro Narcotics Agents arrested Rogers after he sold $800.00 worth of methamphetamine to a confidential informant.[1]

During his incarceration at the Ouachita Correctional Center, jailors intercepted phone calls indicative of drug activity.[2] Consequently, Paul Knight ("Sgt. Knight"), a Metro Narcotics Sergeant, listened to the recorded calls and determined that Rogers was arranging an interstate drug transaction.[3] Involved in this transaction was Rogers' girlfriend, Kendra Turner ("Turner"), Kevin Honeycutt ("Honeycutt"), and Ruby Jane McMillian ("McMillian"), the drug purchasers,

---

[1] [Doc. No. 340, p. 1]
[2] [Id. at pp. 1-2]
[3] [Id. at p. 2]

and Rogers' uncle from Dallas ("Uncle").[4] Per Rogers' instructions, Turner was to get money funded by McMillian from Honeycutt, drive to Dallas to pay and pick up drugs from Uncle, and deliver the drugs to Honeycutt upon her return.[5]

Based on these calls, Sgt. Knight obtained a warrant and placed a GPS-tracking device on Turner's car before she left for Dallas.[6] While tracking Turner's trip, officers obtained a search warrant for her vehicle.[7] Sometime thereafter, officers pulled Turner over, executed the warrant, and located approximately 487.1 grams of methamphetamine in her vehicle.[8] Turner cooperated in the arrest of Honeycutt, who subsequently participated in a controlled delivery of methamphetamine that led to the arrest of McMillian.[9]

On March 26, 2015, Rogers (along with co-defendants Honeycutt, Turner, and McMillian) was indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[10] On December 3, 2015, following a jury trial, Rogers was found guilty as charged.[11]

On March 1, 2016, Rogers was sentenced to 151 months imprisonment and 5 years of supervised release.[12] On March 9, 2016, Rogers filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit").[13] On November 21, 2017, the Fifth Circuit affirmed the District Court's decision.[14]

---

[4] [Id. at pp. 1-2]

[5] [Id. at p. 2]

[6] [Id.]

[7] [Id.]

[8] [Id.]

[9] [Id. at pp. 2-3]

[10] [Doc. No. 1]

[11] [Doc. No. 146]

[12] [Doc. No. 169]

[13] [Doc. No. 176]

[14] [Doc. No. 213]

On November 28, 2018, Rogers filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[15] On January 11, 2019, the Motion was denied and dismissed.[16] On March 7, 2019, Rogers appealed the dismissal[17]; and on March 26, 2020, Rogers' Motion for a Certificate of Appealability was denied.[18]

On April 16, 2020, Rogers filed a Motion for Compassionate Release.[19] On April 27, 2020, the Court denied the Motion.[20]

On May 18, 2020, Rogers filed his second Motion for Compassionate Release.[21] On June 22, 2020, the Motion was denied.[22] Later that day, however, the Court received medical records filed by Rogers.[23] As a result, on June 23, 2020, the Court vacated its order dismissing the Motion to review the medical records.[24] On June 29, 2020, the Court denied the Motion.[25]

On July 17, 2020, Rogers filed a Motion to Alter or Amend Judgment in Request for Compassionate Release.[26] On July 20, 2020, the Court denied the Motion to Alter or Amend Judgment.[27]

On December 7, 2020, Rogers filed a Motion for Reconsideration for Compassionate Release.[28] On December 8, 2020, the Court denied the Motion for Reconsideration.[29]

---

[15] [Doc. No. 242]
[16] [Doc. No. 260]
[17] [Doc. No. 276]
[18] [Doc. No. 286]
[19] [Doc. No. 287]
[20] [Doc. No. 291]
[21] [Doc. No. 292]
[22] [Doc. No. 299]
[23] [Doc. No. 300]
[24] [Id.]
[25] [Doc. No. 301]
[26] [Doc. No. 307]
[27] [Doc. No. 308]
[28] [Doc. No. 309]
[29] [Doc. No. 310]

On August 1, 2022, Rogers filed a Successive Motion for Compassionate Release.[30] On September 20, 2022, the Court denied the Successive Motion for Compassionate Release.[31]

On June 16, 2023, Rogers filed another Successive Motion for Compassionate Release.[32] On August 11, 2023, the Court denied and dismissed the second Successive Motion for Compassionate Release.[33]

Finally, on January 23, 2024, Rogers filed a third Successive Motion for Compassionate Release, which is the instant motion the Court is considering.[34]

The issues are briefed, and the Court is prepared to rule.

## II.   LEGAL STANDARD

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Pertinent to the instant case:

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

---

[30] [Doc. No. 315]
[31] [Doc. Nos. 320, 321]
[32] [Doc. No. 322]
[33] [Doc. No. 326]
[34] [Doc. No. 338]

> the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable.

18 U.S.C. § 3582(c)(1)(A). After a prisoner exhausts his administrative remedies, however, the court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The enumerated circumstances that constitute "extraordinary and compelling reasons" for a reduction in sentence include (1) certain medical circumstances; (2) the age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant was a victim of abuse; (5) other reasons (that are similar in gravity to those described in (1) through (4)); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR-H-11-803 (1), 2019 WL 4673725, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

## III.   ANALYSIS

Because Rogers has not presented any new and compelling reasons to re-litigate the issues to the instant action, he is likely not eligible for compassionate release. In fact, Rogers already raised and obtained a ruling on these claims in a previously filed Motion to Vacate, Set Aside, or

Correct Sentence.[35] Hence, the Government argues that Rogers' third Motion for Compassionate Release at issue here should be denied.[36] The Court will now determine whether Rogers has given extraordinary and compelling reasons consistent with applicable policy statements that warrant a sentence reduction.

> ### a. Rogers has exhausted all administrative remedies, so the court will consider his third successive Motion for Compassionate Release on the merits.

Rogers is seeking a modification of his imprisonment term under 18 U.S.C. § 3582(c)(1)(A). In order for a Court to consider such a motion, however, the defendant must "fully exhaust all administrative rights." 18 U.S.C. § 3582(c)(1)(A). Here, the Government admits that Rogers has exhausted his administrative remedies by filing a request for relief through the Bureau of Prisons and receiving a denial.[37] Since there is no dispute that Rogers has exhausted all administrative remedies, the Court will proceed.

> ### b. Rogers has not provided extraordinary and compelling reasons justifying a sentence reduction.

As stated above, courts may only reduce a defendant's imprisonment term upon extraordinary and compelling reasons. Here, Rogers presents several reasons he believes to be extraordinary and compelling. Such reasons are as follows: that neither the drug nor purity level was sufficient to trigger a mandatory minimum sentence; his criminal history category was improperly calculated; he has completed all rehabilitative programs available to him; and he received ineffective assistance of counsel.[38] Specifically, Rogers argues that each of these are injustices proving extraordinary and compelling circumstances.[39]

---

[35] [Doc. Nos. 259, 260]
[36] [Doc. No. 340, p. 9]
[37] [Id. at p. 8]
[38] [Doc. No. 338]
[39] [Id. at p. 12]

The Government's response to each of Rogers' claims is that the Fifth Circuit and this Court have already considered and rejected them.[40] Further, the Government asserts that the Court should not revisit these previously adjudicated claims because they are neither new nor compelling.[41]

The Court finds that these issues have not only been considered and rejected, but they also do not fall under any of the enumerated "extraordinary and compelling reasons" for compassionate release pursuant to U.S.S.G. § 1B1.13(b). Courts will only grant compassionate release upon certain medical conditions, age, family situations, abuse, an unusually long sentence, or other similar issues. Because Rogers' assertions are based on injustices regarding sentencing and habeas issues, they do not qualify as extraordinary and compelling for purposes of compassionate release.

### c. Even if Rogers were arguing that his sentence was unusually long, it is not sufficiently extraordinary or compelling.

While Rogers did not specifically argue that an unusually long sentence was the "extraordinary and compelling" reason, his arguments seem to fit therewith.

To begin, Rogers alleges that the ten year minimum sentence under 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846 should not have applied to him because the conspiracy only involved 487.1 grams of methamphetamine, which is only 78.5 percent pure.[42] However, 841(b)(1)(A)(viii) mandates a minimum sentence of 10 years for persons who intend to distribute "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams of more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." In light of the statutory language, the Government argues that despite Rogers' contention, the conspiracy still involved 50 grams or more of methamphetamine, which activates

---

[40] [Doc. No. 340, pp. 9-11]
[41] [Id.]
[42] [Doc. No 338, p. 6-8]

the 10-year minimum sentence. The Court finds that even though 487.1 grams is not 500, it is well over 50, and thus, the drug level was sufficient to trigger the mandatory minimum sentence.

Next, Rogers makes an argument about his criminal history calculation, which affects sentencing. First, he claims that his prior sentences for attempted burglary and aggravated battery should not have been calculated separately because they were imposed on the same day.[43] Second, he argues that his prior convictions of possession of a firearm by a convicted felon and simple burglary should not have been used in calculating his criminal history category because they were imposed more than 10 years before the instant offense.[44] In response, the Government contends that since the Fifth Circuit previously held that the district court did not err in counting Rogers' four prior sentences separately, the Court should not revisit the claim.[45]

The Court finds that because the statutory minimum and criminal history points were both properly imposed, Rogers was not sentenced to an unusually long term. Even still, the unusually long sentence policy only applies if a defendant has served at least 10 years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6). As of now, Rogers has only served 8 years, and, therefore, would not qualify for compassionate release due to an unusually long sentence even if he had extraordinary and compelling support thereto.

> **d. Since Rogers has not presented any viable extraordinary and compelling reasons for a sentence reduction, it is unnecessary to consider the applicable policy statements.**

As stated above, after a prisoner exhausts his administrative remedies, the court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[43] [Doc. No. 340, p. 10]
[44] [Id.]
[45] [Id.]

§ 3582(c)(1)(A)(i). Since Rogers did not present extraordinary and compelling reasons for compassionate release, it is impossible to consider whether a reduction would be consistent with relevant policy statements. Rogers has failed to satisfy the two-prong test and therefore, does not qualify for compassionate release.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that defendant Vacarra Rogers' Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED** and **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 13th day of March 2024.

Terry A. Doughty
United States District Judge